WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Dalley and Challen Bench,<br><br>Plaintiffs,<br><br>v.<br><br>Federal Express Corporation, et al.,<br><br>Defendants. | No. CV-25-08038-PCT-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Grace Logistic & Transport LLC's ("Grace Logistic") Motion for Summary Judgment (Doc. 37). The Motion is fully briefed. The Court **grants** Grace Logistic's Motion for the reasons below.

**I.   BACKGROUND**

This case relates to a motor vehicle accident that killed Leland "Stan" Dalley on December 14, 2022. (Doc. 44 at 2.) Defendant Lightning Transport & Logistics ("Lightning Transport") hired the driver and leased the vehicle that struck Stan Dalley. (Doc. 37 at 3.) Defendant Grace Logistic leased the involved vehicle to Lightning Transport. (*Id.*) On December 12, 2024, Plaintiffs sued Grace Logistic, among other co-defendants, for negligence and negligence per se. (Doc. 1-2 at 30–37.) Defendant Grace Logistic now moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. (Doc. 37.)

**II.   LEGAL STANDARD**

Summary judgment is appropriate in circumstances where "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of a case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes are genuine when the evidence could allow a reasonable jury to find in favor of the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by showing "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Additionally, the Court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in the nonmovant's favor. *Anderson*, 477 U.S. at 255. Additionally, the Court does not make credibility determinations or weigh the evidence. *Id.* "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Id.*

The burden initially falls on the movant to demonstrate the basis for a motion for summary judgment and "identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. If this initial burden is not met, the nonmovant does not need to produce anything even if they would have the ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). However, if the initial burden is met by the movant, then the nonmovant has the burden to establish that there is a genuine issue of material fact. *Id.* at 1103. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Zenith Radio Corp.*, 475 U.S. at 586. Bare assertions alone do not create a material issue of fact, and "[i]f the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

### III. DISCUSSION

Grace Logistic argues there is no genuine dispute of material fact that it has an affirmative Graves Amendment defense to Plaintiffs' negligence claims. (Doc. 37 at 4.) The Court finds that Grace Logistic sufficiently carries its burden of production as to its affirmative defense, and that Plaintiffs fail to respond with any evidence that creates a genuine dispute.

#### A. Graves Amendment Defense

"The Graves Amendment was enacted to protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner of the car." *Leggions v. Chen*, No. CV-21-08057-PCT-JJT, 2023 WL 5951932, at *3 (D. Ariz. Sep. 13, 2023) (citation modified). That statute provides:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). However, the defense does not apply to claims of direct negligence such as negligent entrustment or hiring. *See Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 457–58 (8th Cir. 2010).

To benefit from the Graves Amendment, a defendant must establish: (1) it owned the vehicle; (2) it rented or leased the vehicle; (3) it is engaged in the trade or business of renting or leasing motor vehicles; and (4) it has not committed any negligence or criminal

wrongdoing. *See Leggions*, 2023 WL 5951932, at *4. Because Grace Logistic argues that it is entitled to a Graves Amendment defense as a matter of law, it must satisfy each element of this defense. The Court only addresses the third and fourth elements because the parties do not dispute that the first two elements are satisfied. (Docs. 38 at 2 ¶ 2; 38-1 at 5; 44 at 2.)

1. *Element 3: Engaged in the Business of Renting or Leasing Motor Vehicles*

Grace Logistic states that it is engaged in the business of renting or leasing motor vehicles. (Doc. 37 at 4.) In support of this proposition, Grace Logistic includes a declaration from Alberto Peirtas—manager and member of Grace Logistic—declaring that Grace Logistic is "solely in the leasing business" and "has leased five (5) semi tractors" to Lightning Transport. (Docs. 38 at 1 ¶ 1; 38-1 at 2.) Grace Logistic also includes the leasing agreement between itself and Lightning Transport. (Docs. 38 at 2 ¶ 2; 38-1 at 5.) The combination of this evidence persuades the Court that Grace Logistic is engaged in the business of leasing motor vehicles. *See Moreau v. Josaphat*, 42 Misc. 3d 345, 352 (N.Y. Sup. Ct. 2013) (holding as satisfactory an affidavit from defendant's manager attesting that the company engaged in the business of renting motor vehicles).

Plaintiffs disagree. They argue that "this is not a case where 'Owner' Defendant Grace Logistic & Transport simply rented a truck and went on its way." (Doc. 44 at 3.) Specifically, Plaintiffs point to provisions in the lease agreement between Defendant and Lightning Transport where Defendant: offered to provide drivers; agreed to repair and maintain the vehicle; agreed to pay for fuel, tires, tolls, and permits; accepted the responsibility for loading and unloading property onto and from the vehicle; agreed to indemnify Lightning Transport against all liability claims due to use of the vehicle; and agreed to a compensation structure where Defendant received a percentage of the Lightning Transport's revenue earned from the trip. (Doc. 45 at 2–8.) Therefore, Plaintiffs argue that the Graves Amendment is inapplicable because Defendant is potentially acting outside a normal lessor/lessee relationship. However, Plaintiffs do not cite any legal authority to support this argument.

Plaintiffs fail to convince the Court that these provisions are uncommon in the motor vehicle leasing industry. In *Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc.*, 423 U.S. 28, 36 (1975), the Supreme Court recognized that a motor vehicle lessor may provide a vehicle and a driver to the lessee. The Court also held that "the presence in an equipment lease of an indemnification clause" did not violate applicable regulations. *Id.* at 41. Additionally, the regulations state that a lease agreement may express compensation "as a percentage of gross revenue." 49 C.F.R. § 376.12(d). Therefore, the parallel provisions in the leasing agreement here do not skew the nature of Defendant's lessor/lessee relationship with Lightning Transport.

At bottom, the essential component of a lease agreement is the lessee's assumption of "full control and responsibility for the operation." *Transamerican*, 423 U.S. at 36. The lease agreement here makes this delegation: "Upon the commencement of this Lease, [Lightning Transport] shall assume exclusive possession, control, and use of Leased Equipment, and shall assume complete responsibility for the operation of the Leased Equipment during the term of this Lease." (Doc. 38-1 at 6.) Defendant's agreement to load and unload the vehicle, maintain the vehicle, and pay for fuel, tolls, and permits does not undermine the lessor/lessee relationship because the operational responsibility still lies with Lightning Transport. *See Zizersky v. Life Quality Motor Sales, Inc.*, 21 Misc. 3d 871, 878 (N.Y. Sup. Ct. 2008) ("The central distinguishing characteristics of a lease is the surrender of absolute possession and control of property for an agreed-upon rent." (citation modified)).

Accordingly, the cited provisions of the leasing agreement fail to genuinely dispute Defendant's evidence that it was engaged in the business of leasing motor vehicles.

### 2. Element 4: Criminality and Negligence

Finally, a Graves Amendment defense is unavailable if Defendant, or its affiliates, acted negligently or criminally. *See* § 30106(a)(2). Defendant states that it is entitled to immunity because Plaintiffs fail to provide any evidence of negligence on Defendant's part. (Doc. 37 at 4.) The Court finds that Defendant has carried its burden of production

as to the four elements of a Graves Amendment defense. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (explaining that a party moving for summary judgment may carry its burden of production by showing "that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial"). Because Defendant satisfies its burden, Plaintiffs "must produce *evidence* to support its claim or defense." *Id.* at 1103 (emphasis added). If Plaintiffs fail "to produce enough evidence to create a genuine issue of material fact," then Defendant "wins the motion for summary judgment." *Id.*

In response to Defendant's Motion, Plaintiffs cite to a panoply of allegations from their Complaint asserting Defendant's negligence. (Doc. 44 at 7–10.) These allegations claim: "One of more of The Defendants will be shown at trial to have violated one or more State and Federal Motor Carrier Safety Regulations and State Statutes"; "Grace Logistic's actions and inactions were negligent"; "Grace Logistic's [sic] negligently entrusted its tractor to Lightning Transport"; "Grace Logistic's agent(s) and/or employee(s) were negligent"; and "Grace Logisitic is responsible for its own acts as well as the acts of its agents and employees pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law." (Doc. 1-2 at 33, 36.)

Plaintiffs fundamentally misunderstand their burden at this stage of the proceedings. "[A] non-movant's bare assertions, standing alone, are insufficient to defeat a motion for summary judgment." *Sandrasegaran v. Nationwide Gen. Ins. Co.*, No. CV-22-00962-SMB, 2023 WL 7686658, at *2 (D. Ariz. Nov. 15, 2023). There is no evidence showing *how* Defendant violated state law or federal regulations. There is no evidence showing *why* it was negligent for Defendant to entrust its vehicle to Lightning Transport. The only "question" of fact Plaintiffs posit is whether the driver, Francisco Marche, was an employee of Grace Logistic or Lightning Transport. (Doc. 45 at 13.) However, there is no evidence to show this is a bona fide dispute. In its Answer, Lightning Transport stated: "It is admitted that Francisco Marche was hired as an independent

contractor by Lightning Transport and was a CDL driver." (Doc. 5 at 4 ¶ 63.) Plaintiffs do not offer any evidence connecting Fracisco Marche to Grace Logistic.

In sum, there is no evidence showing that Defendant: violated state law or federal regulation, negligently entrusted the vehicle to Lightning Transport, or negligently hired an independent contractor to drive the vehicle. Therefore, the Court finds that there is no genuine dispute of material fact that Defendant did not act negligently or criminally.

Accordingly, the Court finds, as a matter of law, that Defendant is entitled to a Graves Amendment affirmative defense and is immune from Plaintiffs' vicarious liability claims.

### B. Negligent Entrustment and Hiring

That leaves Plaintiffs' negligent entrustment and hiring claims against Defendant. Both claims require Plaintiffs to show that Defendant knew or should have known that Lightning Transport or Francisco Marche were incompetent to perform their duties. *See Verduzco v. Am. Valet*, 377 P.3d 1016, 1019 (Ariz. Ct. App. 2016) (negligent entrustment); *see also Hasse v. City of Avondale*, No. 1 CA-CV 22-0361, 2023 WL 2127543, at *3 (Ariz. Ct. App. Feb. 21, 2023) (negligent hiring). As noted, Plaintiffs have not submitted any evidence to prove these claims. Accordingly, Plaintiffs' negligent entrustment and hiring claims against Defendant fail as a matter of law.

### C. Rule 56(d)

Finally, Plaintiffs argue that Defendant's Motion should be denied as premature pursuant to Rule 56(d). (Doc. 44 at 7.) In their Response, Plaintiffs only state they "have not had the opportunity to fully investigate this allegation during fact discovery." (*Id.*) This is insufficient to invoke Rule 56(d).

Rule 56(d) states: "If a nonmovant shows *by affidavit or declaration* that, *for specified reasons*, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d) (emphasis added). Therefore, a "requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-

after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (addressing Rule 56(d)'s substantially similar predecessor). Plaintiffs have not filed an affidavit or declaration. Additionally, Plaintiffs have not specified what facts it hopes to elicit that would preclude summary judgment. Accordingly, the Court denies Plaintiffs' Rule 56(d) request and will not postpone ruling on Defendant's Motion. *See Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1049 (9th Cir. 2015) (affirming district court's denial of a Rule 56(d) request because plaintiff did not provide an affidavit or declaration and did not specify what facts it hoped to reveal with further discovery).

## IV.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 37) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to dismiss Defendant Grace Logistic & Transport LLC from this case.

Dated this 11th day of February, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge